RACHEL CATTRELL HOFF AND ARTHUR HOFF, HER HUS-
BAND, PLAINTIFFS-APPELLANTS, v. MARTIN WHITE,
DEFENDANT-APPELLEE.

Submitted October 16, 1926—Decided January 28, 1927.

Negligence—Injury Resulting From Fall on Sidewalk—Verdict
For Defendant Will Not be Set Aside Where the Rule was
Not Applied For Until Six Months After it was Rendered,
and an Examination of the Proofs Reveal That the Newly-
Discovered Evidence is Only Accumulative.

On plaintiffs' rule to show cause why a new trial should
not be granted.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and MINTURN.

For the rule, *Clarence Kelsey.*

*Contra, John D. Craven.*

PER CURIAM.

This action was brought to recover on account of injuries
alleged to have resulted from a fall due to the condition of
the sidewalk in front of defendant's premises made so by
the act of the defendant in piling and artificially accumulat-
ing loose snow over a layer of ice. The defense was that
plaintiff did not fall in front of defendant's premises, but
in front of a neighboring property. The jury found in favor
of the defendant on January 21st, 1926. This rule to show
cause why a new trial should not be granted on the ground
of newly-discovered evidence, was not applied for until six
months later.

Our examination of the proofs result in the conclusion
that the newly-discovered evidence is merely cumulative and
corroborative of evidence heard at the trial, and, hence, more
especially in view of the long delay, will not justify a new
trial.

The rule will be discharged.